IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIMOTHY GIATTINA, Special
Administrator of the Estate of Isaiah
Rucker, Sr., Deceased                                                             PLAINTIFF


v.                                      Case No. 1:21-cv-1047


OUCHITA COUNTY, ARKANSAS;
TIFFANY KINLEY, individually and in her
Official capacity as Detention Supervision of
Ouachita County Detention Center of Ouachita
County, Arkansas; CAMERON OWENS, individually
and in his capacity as Captain and Jail
Administrator of Ouachita County Detention
Center of Ouachita County, Arkansas;
STEPHANIE HOLMES, individually and in her official
capacity as Nurse at Ouachita County Detention Center
of Ouachita County, Arkansas; JUALICIA O'QUINN,
individually and in her official capacity as Correctional
Officer at Ouachita County Detention Center of
Ouachita County, Arkansas; TRISTIAN EILAND, individually
and in his official capacity as Correctional Officer at Ouachita
County Detention Center of Ouachita County, Arkansas; KANDI
VALDEZ, individually and in her official capacity as Correctional
Officer at Ouachita County Detention Center of Ouachita County,
Arkansas; COLTON WILSON, individually and in his official
Capacity as Correctional Officer at Ouachita County Detention Center of
Ouachita County, Arkansas; DR. JOSEPH ANTHONY DELUCA,
Individually and in his official capacity as Physician at Ouachita County
Detention Center of Ouachita County, Arkansas                    DEFENDANTS

## **ORDER**

Before the Court is the parties' Agreed Motion to Dismiss.  ECF No. 22.  No response is

necessary, and the matter is ripe for consideration.

The parties inform the Court that they have reached a settlement agreement.  The parties

stipulate to the dismissal of Plaintiff's claims against Defendants with prejudice, with each side

bearing his or her own costs and fees.  An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  The "entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984).  Thus, Plaintiff's claims were effectively dismissed when the stipulation was filed.  However, the instant Order issues for purposes of maintaining the docket.

Therefore, to the extent that the instant stipulation (ECF No. 22) constitutes a motion, it is hereby **GRANTED**.    Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**, with the parties bearing his or her own costs.

**IT IS SO ORDERED**, this 18th day of January, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2